No. 20-mj-5003-JGD

### AFFIDAVIT OF SPECIAL AGENT PATRICK BRIODY IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Patrick Briody, state:

### Introduction and Agent Background

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and, Explosives ("ATF"), and have been since 2010. I am currently assigned to the Bridgewater, Massachusetts, ATF Field Office. During my law enforcement career, I have participated in many investigations involving firearm and drug trafficking, criminal possession and use of firearms, criminal enterprises, and the use of firearms in relation to violent and drug trafficking crimes. During my career, my investigations have included the use of various surveillance techniques, interviews, confidential informants, undercover operations and the execution of various search, seizure, and arrest warrants.

2.      ATF is currently investigating Di'lon Smith, a/k/a Dilon Smith ("DI'LON"), and his twin brother, Denzel Smith ("DENZEL"), for Felon in Possession of a Firearm and Ammunition,  in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute 100 Grams or More of a Controlled Substance Analogue, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi); Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1); and Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

3.      This affidavit is being submitted in support of an application for a warrant to search a digital photo frame that is in the possession of law enforcement investigators, as described in Attachment A. There is probable cause to believe that the digital photo frame contains evidence of the crimes listed above, as described in Attachment B.

4.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

**Probable Cause to Believe That a Federal Crime Was Committed**

5.      In or about September 2017, the Barnstable Police Department began investigating DI'LON and DENZEL based on numerous reports that the brothers were selling large quantities of fentanyl on Cape Cod and bragging about the potency of their product. These people included a confidential informant who had bought fentanyl and/or heroin from DENZEL, and another confidential informant who had bought fentanyl from DI'LON.

6.      In October 2017, Barnstable Detective Peter Ginnetty saw DI'LON drive a BMW registered to him (MA plate no. 6ZF699) to 177 Megan Road in Hyannis. He saw DI'LON enter the fenced back part of the property and not emerge for a long period of time. Detectives began monitoring the address, believing it might be a stash house.

7.      On several occasions police saw DI'LON leave 177 Megan Road in his BMW, meet up with individuals for short periods of time, and then drive straight back to 177 Megan Road. Detective Ginnetty also saw DI'LON drive past 177 Megan Road, look around, then circle back to 177 Megan Road and park.

8.      Police learned that DI'LON had signed a six-month lease to rent the basement apartment of 177 Megan Road starting October 23, 2017. 177 Megan Road is a small house. The entrance to the basement apartment is through the back.

9.      On November 24, 2017, a man was shot in the area of 34 Fresh Holes Road in Hyannis. The victim told police that DI'LON was the shooter and that DENZEL was also present.

2

Data from a GPS tracker that had been placed on a Chevy Impala registered to DENZEL showed that the Impala was in the area of 25 Fresh Holes Road at the time of the shooting, and the Impala drove straight to 177 Megan Road immediately after the shooting.

10.     Barnstable police arranged for two confidential informants to make controlled buys of fentanyl. One bought fentanyl from DENZEL at a prearranged location in Barnstable during the week of November 18, 2017. Shortly before the transaction, Detective Ginnetty saw DI'LON and DENZEL at 177 Megan Road, and then saw DENZEL leave the property in his Impala. The gray-blue powder that the confidential informant bought from DENZEL field-tested positive for fentanyl. Not long thereafter, the other confidential informant bought fentanyl from DI'LON at a prearranged location in Hyannis. Shortly before the transaction, Detective David Foley saw DI'LON leave 177 Megan Road in his BMW. The blue powder that the confidential informant bought from DI'LON field-tested positive for the presence of fentanyl.

11.     On November 28, 2017, Detective Ginnetty obtained a state search warrant for the basement apartment of 177 Megan Road.

12.     Police executed the warrant on November 29, 2017. At about 11:40 am that day, police saw a Honda Civic arrive at 177 Megan Road. The three occupants were DI'LON, DENZEL, and a third man, M.M. The three men got out of the car and entered 177 Megan Road through the back. At 1:42 pm, DENZEL exited the apartment while on his phone, looked around, and then reentered the apartment. At 2:00 pm, a woman, A.S., arrived in DI'LON's BMW and entered the apartment. At 2:07 pm, officers saw all four people exit the apartment and walk to the front of the house where the two cars were parked. At 2:08 pm, police approached the four people and announced their presence. Police secured the individuals and entered the apartment to execute the warrant.

13.     Inside the apartment, police found mail and other items in DI'LON's name, and mail and other items in DENZEL's name. Police found two narcotics presses, a digital scale, and drug-packaging material. In the bedroom closet and the ceiling, police found several baggies containing powder that they suspected to be narcotics. The powder was later tested by a State Police forensic chemist, who determined that 1.95 grams of the powder contained fentanyl and just over 102 grams of the powder contained a fentanyl analogue.

14.     Inside the apartment police also found two firearms: a loaded .22 caliber Smith & Wesson revolver holding six rounds of .22 caliber ammunition, and a .9 caliber Heckler & Koch semi-automatic pistol with two magazines holding a total of 18 rounds of ammunition. The State Police crime lab later determined that a .9mm shell casing found at the site of the November 24 shooting was for a bullet that had been fired by the Heckler & Koch pistol.

15.     Inside the apartment police also found a digital photo frame, which was plugged in and operating. Photographs taken during the search include one of the digital frame; it was on and displaying a photograph of DI'LON.

16.     Neither DI'LON nor DENZEL had a license to carry a firearm. On November 29, 2017, the brothers were immediately arrested and charged with state drug and gun offenses.

17.     On April 5, 2018, a federal grand jury sitting in Boston indicted DI'LON and DENZEL on one count of Felon in Possession of a Firearm and Ammunition, and Aiding and Abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2. *United States v. Di'lon Smith, a/k/a Dilon Smith, and Denzel Smith*, Crim. No. 18-10087-FDS. On October 18, 2018, the grand jury returned a superseding indictment charging DI'LON and DENZEL with Felon in Possession of a Firearm and Ammunition, and Aiding and Abetting, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2 (Count One); Possession with Intent to Distribute 100 Grams or More of a Controlled Substance

Analogue, and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) and 18

U.S.C. § 2 (Count Two); Possession with Intent to Distribute Fentanyl, and Aiding and Abetting,

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and Possession of a Firearm

in Furtherance of a Drug-Trafficking Crime, and Aiding and Abetting, in violation of 18 U.S.C.

§§ 924(c)(1)(A) and 18 U.S.C. § 2 (Counts Four and Five).

### Investigators' Possession of the Digital Photo Frame

18.     Barnstable police seized the digital photo frame on November 29, 2017, and

secured it in the evidence locker at the Barnstable Police Department, 1200 Phinneys Lane in

Hyannis, where it is still located.

19.     While investigators may already have all necessary authority to examine the digital

photo frame, I seek this warrant out of an abundance of caution to be certain that its search will

comply with the Fourth Amendment and other applicable laws.

### Probable Cause to Believe That the Digital Photo Frame Contains Evidence, Fruits, and Instrumentalities

20.     As discussed above, the digital photo frame is currently being stored by

investigators at the facility described in Attachment A. From my training and experience and the

training and experience of law enforcement personnel who routinely handle this equipment, I

understand that it has been stored in a manner in which its contents are, to the extent material to

this investigation, in substantially the same state as they were when the digital photo frame first

came into the investigators' possession.

21.     From my training, experience, and information provided to me by other agents, I

am aware that a digital photo frame is basically a small computer monitor set up to look like a

conventional picture frame. It contains either a certain amount of built-in memory or a memory

card slot that lets the user increase the storage capacity. After digital photo files are loaded onto the frame, the frame plays a slide show of the photos.

22.    I have probable cause to believe that the digital photo frame contains evidence of who possessed the firearms and narcotics found in the basement apartment of 177 Megan Road, including evidence of who occupied the apartment.

**CONCLUSION**

23.    Based on the information described above, I have probable cause to believe that DI'LON SMITH, a/k/a DILON SMITH, and DENZEL SMITH have violated 18 U.S.C. §§ 922(g)(1) and 2 (Felon in Possession of a Firearm and Ammunition, and Aiding and Abetting); 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi) and 18 U.S.C. § 2 (Possession with Intent to Distribute 100 Grams or More of a Controlled Substance Analogue, and Aiding and Abetting); 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Possession with Intent to Distribute Fentanyl, and Aiding and Abetting); and 18 U.S.C. §§ 924(c)(1)(A) and 2 (Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, and Aiding and Abetting).

24.     Based on the information described above, I also have probable cause to believe

that evidence of these crimes, as described in Attachment B, are contained within the equipment

described in Attachment A.

Sworn to under the pains and penalties of perjury.

_____
Patrick Briody
Special Agent, ATF


**Jan 16, 2020**
Subscribed and sworn to before me on January __, 2020

_____
HON. JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE

7

## ATTACHMENT A

### Description of Equipment to Be Searched

The equipment to be searched consists of one black Aluratek digital photo frame, model no. ADMPF108F, stored in the evidence locker at the Barnstable Police Department, 1200 Phinneys Lane in Hyannis, MA.

**ATTACHMENT B**

**Items to Be Seized**

All digital photo files evidencing possession and/or distribution of narcotics, possession of

firearms and/or ammunition, and/or possession or use of the basement apartment of 177 Megan

Road in Hyannis, MA.